No. 3895.—Mrs. L. H. S. Cannon *v.* The Female Orphan Society.

A purchaser of real property can not maintain an action to annul the sale on the ground that his vendor's title is affected with a relative nullity.

The uninterrupted possession of real estate for thirty years vests an absolute title in the possessor without the possession being in good faith.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. Lea, Finney & Miller,* for plaintiff and appellee. *A. J. Lewis,* for defendant and appellant.

Howell, J. On the tenth of June, 1867, the defendant sold to the plaintiff a piece of real estate for ten thousand dollars, one-third cash, paid at the date of the act, and the residue in two notes for equal amounts, payable one and two years after date, and secured by mortgage and the vendor's privilege on the property sold. The plaintiff took possession of the property and paid the first note at maturity; but refusing to pay the last, the defendant obtained an order of seizure and sale, the execution of which the plaintiff enjoined and sued to annul the sale, on the grounds that the donation *inter vivos* of the property made by Julien Poydras to the defendant on the fourteenth April, 1817, is in terms and legal effect a substitution, and utterly null and void, or if any title whatever passed thereby, it was by the express terms of the act inalienable and subject to the reversionary right of the Charity Hospital. She also set up defects in the executory proceedings.

The defense is a general denial and the prescription of ten and thirty years.

The district judge annulled the sale, canceled the unpaid note and ordered the defendant to refund the sums paid, with interest and costs, and the defendant appealed.

It is urged on the part of the defense, and we think properly, that a purchaser in the undisturbed possession and enjoyment of property which has been sold to him, can maintain no action to annul the sale on the ground that his vendor's title is defective or is affected with a relative nullity, as at most the one in question can be considered. If the purchaser has just reason to fear being disquieted, he may retain the price until the vendor gives him security. R. C. C. 2557; 7 N. S. 96; 14 L. 470; 6 R. 471. The plaintiff sets forth no such reason and made no such demand.

We think, too, the plea of prescription is well made. The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith, if the possession as owner has been continuous and uninterrupted during all the time. R. C. C. 3499, 3500; McLean v. Guillaum, 24 An. We find from the evidence that the defendant acquired this property in 1817 by a title which divested the ownership of the donor and vested it in the donee, even though it may have been borrowed, and sold it in 1867, a period of fifty years. This suit was instituted in 1871, and there is no intimation that there has been any disturbance of possession or title by any one having an alleged contingent or reversionary right. It is unnecessary, in our opinion, to notice any other points. The alleged defects of form in the proceedings are not such as to authorize the injunction. C. P. 734, 735; 21 An. 692; 23 An. 83; C. P. 737; 18 An. 657; R. S. sec. 1202; 19 An. 80.

It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of defendant dissolving the injunction herein, with ten per cent. on the amount enjoined as damages, and costs in both courts.